UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY JACK PACEWICZ, SR., | : | **3:24-CV-01294** |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Schwab) |
| VISION PROPERTY MANAGEMENT, *also known as Kaja Holdings*, | : | |
| Defendant. | : | |

## **REPORT AND RECOMMENDATION**

### **I. Introduction.**

Plaintiff Corey Jack Pacewicz, Sr. claims that he was wrongfully evicted. He asserts an unspecified claim under 42 U.S.C. § 1983. But because Pacewicz has not alleged facts from which it can reasonably be inferred that the defendant was acting under color of state law, his complaint fails to state a claim upon which relief can be granted. And because leave to amend would be futile, we recommend that the court dismiss the complaint and close this case.

### **II. Background and Procedural History.**

Pacewicz began this action by filing a complaint and an application to proceed *in forma pauperis*. *Docs. 1, 2*. He names as the defendant Vision Property

Management aka Kaja Holdings ("Kaja Holdings"). *Doc. 1* at 1. Pacewicz presents only a very brief statement of his claim, the entirety of which reads:

> Plaintiff was resided @ 172 High Street Wilkes-Barre PA on rent to own by defendant and never served with any evictions or defaults on est $2250 down 500 sum a month on first time home buyers, prior litigations by other defendants, I'm a victim of this company.
>
> Defendant is Vision Property Management aka Kaja Holdings, court document in Luzerne County?

*Id*. at 2 (all caps removed). In the relief section of his complaint, Pacewicz asks for "Jury or Relief in this matter." *Id*.

By an order dated August 5, 2024, we granted Pacewicz's application for leave to proceed *in forma pauperis*, and we stated that we would conduct a preliminary review of the complaint. *Doc. 4*. The copy of that Order that was sent to Pacewicz at his address of record in this case was returned to the court as undeliverable with a notation indicating that the address is "vacant." *Doc. 5*. Similarly, a copy of the standard Pro Se Letter issued by the Clerk of Court, *doc. 3*, was also returned as undeliverable with the notation "vacant" on the envelope, *doc. 6*.

Because Pacewicz appeared to have failed to keep the court informed of his current address as required by Local Rule 83.18, by an Order dated August 22, 2024, we noted that he may have abandoned this action. *Doc. 7* at 1. And we ordered that he show cause on or before September 18, 2024, why this action

2

should not be dismissed pursuant to Fed. R. Civ. P. 41(b) in that he has failed to keep the court informed of his address. *Id*. at 2.  We noted that if Pacewicz fails to do so, we would deem him to have abandoned this lawsuit. *Id*.

Pacewicz has not responded to the show cause order.  But neither has the show cause order been returned to the court as undeliverable.  Thus, it is not entirely clear whether Pacewicz has failed to keep the court informed of his address.  And given the preference for deciding cases on the merits, we will address whether the complaint states a claim upon which relief can be granted rather than recommending that the case be dismissed based on Pacewicz's failure to respond to the show cause order or to keep the court informed of his address.

## III. *In Forma Pauperis* **Complaints—Standard of Review.**

Under 28 U.S.C. § 1915(e)(2), the court shall dismiss a complaint brought *in forma pauperis* if it determines that certain specified conditions are met.  More specifically, the court shall dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

3

When determining whether a complaint states a claim upon which relief can be granted, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The statement required by Rule 8(a)(2) must give the defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

The court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'" *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). But a court "need not credit a complaint's bald assertions or legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A court also need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "take[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote and citations omitted) (quoting *Iqbal*, 556 U.S. at 675, 679).

In sum, "[w]e accept as true all factual matters [the plaintiff] alleges, but his complaint cannot survive unless the facts it recites are enough to state plausible grounds for relief." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But "[a] claim that relies just on 'conclusory statements,' or on 'threadbare recitals of the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief." *Beasley*, 14 F.4th at 231 (quoting *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020)).

A complaint filed by a pro se litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). "[A] court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). Thus, "[c]ourts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints." *Id.* Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. Discussion.

Pacewicz brings his complaint under 42 U.S.C. § 1983. *See doc. 1* at 1. But he does not plausibly allege that Kaja Holdings was acting under color of state law. Thus, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief can be granted.

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

The requirement that a defendant act under color of state law is essential to establish a claim under 42 U.S.C. § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains Twp. Police Dept.*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v.*

*Latshaw,* 164 F.3d 141, 146 (3d Cir.1998)).  The Supreme Court has established several approaches to the question of when a private person acts under color of state law. *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 239 (3d Cir. 2002).  The United States Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) 'whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state'; (2) 'whether the private party has acted with the help of or in concert with state officials'; and (3) whether 'the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.'" *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).  "The inquiry is fact-specific," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995), and "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary School Athletic Assoc.,* 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

An otherwise private actor may act under color of state law when engaged in a conspiracy with a state official. *Dennis v. Sparks*, 449 U.S. 24, 29 (1980).  "The

essence of a conspiracy is an agreement." *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir. 1989).  "To demonstrate the existence of a conspiracy under § 1983, 'a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *LeBlanc v. Stedman*, 483 F. App'x 666, 670 (3d Cir. 2012) (quoting *Parkway Garage, Inc. v. City of Phila.,* 5 F.3d 685, 700 (3d Cir.1993), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392 (3d Cir. 2003)).  Because direct evidence of a conspiracy is rarely available, the existence of a conspiracy may be inferred from the circumstances. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).  Still, to plead a conspiracy, a plaintiff must allege "facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "To properly plead such an agreement, 'a bare assertion of conspiracy will not suffice.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

Here, Pacewicz does not allege any facts that would plausibly suggest that Kaja Holdings is a state actor or otherwise acted under color of state law.  Thus, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief can be granted.

## V. Leave to Amend.

Before dismissing a complaint under the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Here, because there is no basis to reasonably think that Pacewicz could allege facts suggesting that Kaja Holdings was acting under color of state law, leave to amend would be futile.

## VI. Recommendation.

For the foregoing reasons, we recommend that the court dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and we further recommend that the court close this case.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 21st day of October 2024.

*<u>S/Susan E. Schwab</u>*
Susan E. Schwab
United States Magistrate Judge
